CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

GUANG RUN LI,                                                    :        Case No. 16-
                                                                :
                                     Plaintiff,                 :        cv-5563
          -against-                                             :
                                                                :        **COMPLAINT**
DALCOM MODERN, INC. d/b/a SUSHI DAMO,                            :
KIWON CHONG, WON-CHU CHONG, and EUN Y. KIM,                     :
                                                                :
                                     Defendants.                :
-------------------------------------------------------------------------X

Plaintiff, GUANG RUN LI ("Plaintiff"), by and through his undersigned

attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants DALCOM

MODERN, INC. d/b/a SUSHI DAMO ("DALCOM"), KIWON CHONG, WON-CHU

CHONG, and EUN Y. KIM (collectively, the "Individual Defendants") (DALCOM and

Individual Defendants are collectively referred to as "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from

the Defendants: (a) unpaid minimum wages; (b) unpaid overtime compensation; (c)

unpaid misappropriated tips; (d) liquidated damages; (e) prejudgment and post-judgment

interest; and (f) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages and/or gap-time wages; (b) unpaid overtime compensation; (c) unpaid "spread of hours" premium; (d) unpaid misappropriated tips; (e) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (f) prejudgment and post-judgment interest; and (g) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.      Plaintiff is a resident of Kings County, New York.

6.      Defendant DALCOM is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 330 West 58th Street, New York, New York 10019.

7.      Since in or about 2000, defendant DALCOM has owned and operated a Japanese restaurant and sushi bar known as Sushi Damo.

8.      Defendant, KIWON CHONG, is the owner, shareholder, officer, director, supervisor, managing agent, and proprietor of DALCOM who actively participated, and continues to actively participate in the day-to-day operations of DALCOM and acted

2

intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with DALCOM.

9.     Defendant, WON-CHU CHONG a/k/a "Julie" Chong, is, upon information and belief, the sister of defendant KIWON CHONG, and is an owner, officer, manager, and/or supervisor of DALCOM who actively participated, and continues to actively participate in the day-to-day operations of DALCOM, and was one of Plaintiff's direct supervisors during all relevant times, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with DALCOM.

10.    Defendant, EUN Y. KIM a/k/a "Jenny," is a supervisor and/or manager of DALCOM who actively participated, and continues to actively participate in the day-to-day operations of DALCOM, and was one of Plaintiff's direct supervisors during all relevant times, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with DALCOM.

11.    The Individual Defendants each exercised control over the terms and conditions of Plaintiff's employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work

schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

12.     The Individual Defendants are present on the premises of Sushi Damo on a daily basis or virtually daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized or approved by them.

13.     Upon information and belief, during the most recent three (3) years relevant to the allegations herein, defendant DALCOM was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.     Defendants employed Plaintiff to work as non-exempt kitchen/sushi helper, waiter, and bartender for Defendants' restaurant, known as Sushi Damo.

15.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

16.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

17.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "gap-time" wages in direct contravention of the New York Labor Law.

20.     Defendants knowingly and willfully misappropriated from Plaintiff his lawfully earned tips in direct contravention of the FLSA and New York Labor Law.

21.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

22.     The Individual Defendants actively participate in the day-to-day operation of Sushi Damo.  For instance, the Individual Defendants each personally supervise and direct the work of the employees, instruct them how to perform their jobs, and correct and/or reprimand them for any errors made.

23.     The Individual Defendants jointly create and approve all crucial business policies.  This includes decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, the method by which the employees are paid, and whether the employees are entitled to a pay increase and, if so, the amount of the raise.

24.     In or about September 2008, Defendants hired Plaintiff to work as a non-exempt kitchen/sushi helper at their Japanese restaurant and sushi bar known as Sushi Damo, located at 330 West 58th Street, New York, New York.

25.     In or about April 2009, Defendants promoted Plaintiff to the position of waiter.

26.    In or about January 2011 and continuing through the remainder of his employment on or about February 14, 2016, Plaintiff continued to work as a waiter, but also took on the additional responsibility of bartender twice a week.

27.    Plaintiff worked over forty (40) hours per week.

28.    During the relevant six (6) year limitations period beginning in July 2010 and continuing through in or about December 2010, Plaintiff worked six (6) days per week, and his work schedule consisted of three (3) double shifts per week from 10:45 a.m. until 11:00 p.m.; one (1) double shift per week from 10:45 a.m. until 12:00 a.m.; and two (2) dinner shifts per week from 4:00 p.m. until 12:00 p.m.  Plaintiff would receive a one (1) hour break only on days that he worked a double shift.

29.    During this period, Plaintiff did not receive proper minimum wages or overtime compensation.  During this period, Plaintiff worked ten (10) shifts per week, and was paid $10 per shift ($100 per week) straight time for all hours worked, and worked sixty-two (62) hours per week.  Not only was Plaintiff's regular rate of pay below the statutory minimum wage, work performed above forty (40) hours per week was also not paid at the statutory rate of time and one-half as required by state and federal law.

30.    Beginning in or about January 2011 and continuing through in or about March 2014, Plaintiff worked six (6) days per week, and his work schedule consisted of two (2) double shifts per week as a waiter from 10:45 a.m. until 11:00 p.m.; one (1) double shift per week as a waiter from 10:45 a.m. until 12:00 a.m.; one (1) double shift as a waiter from 10:45 a.m. until 10:30 p.m.; and two (2) dinner shifts per week as a bartender from 4:00 p.m. until 12:00 a.m.  Plaintiff would receive a one (1) hour break only on days that he worked a double shift as a waiter.

6

31.     During this period, Plaintiff did not receive proper minimum wages or overtime compensation. During this period, Plaintiff worked sixty-one and one-half (61½) hours per week, but was not paid any wages by Defendants. Instead, Plaintiff was only paid through tips received by customers on a nightly basis. In addition, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32.     In or about 2012, there was a period of approximately seven (7) consecutive weeks where Plaintiff worked seven (7) days per week, and his work shift consisted of seven (7) double shifts totaling approximately seventy (70) hours per week. During those seven (7) weeks, Plaintiff was not paid any wages by Defendants. Instead, Plaintiff was only paid through tips received by customers on a nightly basis. In addition, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     Beginning in or about April 2014 and continuing through in or about mid-July 2014, Plaintiff worked six (6) days per week and his work schedule consisted of two (2) double shifts per week as a waiter from 10:45 a.m. until 11:00 p.m.; one (1) double shift per week as a waiter from 10:45 a.m. until 12:00 a.m.; one (1) double shift as a waiter from 10:45 a.m. until 10:30 p.m.; and two (2) dinner shifts per week as a bartender from 4:00 p.m. until 12:00 a.m. Plaintiff would receive a one (1) hour break only on days that he worked a double shift as a waiter.

34.     During this period, Plaintiff did not receive proper minimum wages or overtime compensation. During this period, despite working sixty-one and one-half (61½) hours per week, Plaintiff was paid at the rate of $5 per hour straight time for fifty-

two (52) hours per week. Not only was Plaintiff paid below the statutory minimum wage, Defendants entirely failed to pay Plaintiff for nine and one-half (9½) hours of work each week. In addition, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35.     Beginning in or about mid-July 2014 and continuing through in or about mid-August 2014, Plaintiff worked seven (7) days per week and his work schedule consisted of three (3) double shifts per week from 10:45 a.m. until 11:00 p.m.; three (3) dinner shifts from 4:00 p.m. until 12:00 a.m., and one (1) dinner shift from 4:00 p.m. until 11:00 p.m. Beginning at this time, Plaintiff would receive a two (2) hour break only on days that he worked a double shift.

36.     During this period, Plaintiff did not receive proper minimum wages or overtime compensation. During this period, despite working sixty-one and three quarter (61¾) hours per week, Plaintiff was paid at the rate of $5 per hour straight time for fifty-two (52) hours per week. Not only was Plaintiff paid below the statutory minimum wage, Defendants entirely failed to pay Plaintiff for nine and three-quarter (9¾) hours of work each week. In addition, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

37.     Beginning in or about mid-August 2014 and continuing through mid-December 2015, Plaintiff worked six (6) days per week and his work schedule consisted of two (2) double shifts per week as a waiter from 10:45 a.m. until 11:00 p.m.; one (1) double shift per week as a waiter from 10:45 a.m. until 12:00 a.m.; one (1) double shift as a waiter from 10:45 a.m. until 10:30 p.m.; and two (2) dinner shifts per week as a

8

bartender from 4:00 p.m. until 12:00 a.m. Plaintiff would receive a two (2) hour break only on days that he worked a double shift as a waiter.

38.     During this period, Plaintiff did not receive proper minimum wages or overtime compensation. During this period, despite working fifty-seven and one-half (57½) hours per week, Plaintiff was paid at the rate of $5 per hour straight time for fifty-two (52) hours per week. Not only was Plaintiff paid below the statutory minimum wage, Defendants entirely failed to pay Plaintiff for five and one-half (5½) hours of work each week. In addition, work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     Beginning in or about mid-December 2015 and continuing through the end of December 2015, Plaintiff worked six (6) days per week and his work schedule consisted of two (2) double shifts per week as a waiter from 10:45 a.m. until 11:00 p.m.; one (1) double shift per week as a waiter from 10:45 a.m. until 12:00 a.m.; one (1) double shift as a waiter from 10:45 a.m. until 10:30 p.m.; and two (2) dinner shifts per week as a bartender from 4:00 p.m. until 12:00 a.m. Plaintiff would receive a two (2) hour break only on days that he worked a double shift as a waiter.

40.     During this period, Plaintiff did not receive proper minimum wages or overtime compensation. During this period, despite working fifty-seven and one-half (57½) hours per week, Plaintiff was paid at the incorrect rate of $5 per hour for the first forty (40) hours per week, and at the incorrect overtime rate of $7.50 per hour for twelve and one-half (12½) hours in excess of forty (40). Defendants entirely failed to pay Plaintiff for five (5) hours of overtime.

41.     Beginning in or about January 2016 and continuing through the remainder of his employment on or about February 14, 2016, Plaintiff worked six (6) days per week and his work schedule consisted of two (2) double shifts per week as a waiter from 10:45 a.m. until 11:00 p.m.; one (1) double shift per week as a waiter from 10:45 a.m. until 12:00 a.m.; one (1) double shift as a waiter from 10:45 a.m. until 10:30 p.m.; and two (2) dinner shifts per week as a bartender from 4:00 p.m. until 12:00 a.m.  Plaintiff would receive a two (2) hour break only on days that he worked a double shift as a waiter.

42.     During this period, Plaintiff did not receive proper minimum wages or overtime compensation.  During this period, despite working fifty-seven and one-half (57½) hours per week, Plaintiff was paid at the incorrect rate of $7.50 per hour for the first forty (40) hours per week, and at the incorrect overtime rate of $11.25 per hour.

43.     Additionally, Defendants improperly and unlawfully misappropriated a certain portion of the tips afforded to their tipped employees, including Plaintiff.  More specifically, Defendants unlawfully required Plaintiff to surrender a portion of the tips he received with other employees who were not entitled to receive a portion of Plaintiff's tips.  More specifically, Plaintiff was required to surrender 50% of his tips to the employees working the sushi bar, 3% to the cooks, and 10% to the runners.  Of the tips Plaintiff was to surrender to the runners, Defendants unlawfully misappropriated and retained those tips, or a portion thereof, for "the house."

44.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit," (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit"

taken for each payment period, (iii) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, (iv) misappropriated tips from their tipped employees, including Plaintiff, and (v) failed to pay tipped employees the proper amount of minimum wages afforded to tipped employees, thereby rendering the "tip credit" inapplicable.

45.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

46.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

47.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

48.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff "gap-time" wages, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

49.     Defendants knowingly and willfully operated their business with a policy of misappropriating and retaining Plaintiff's in direct violation of the FLSA and New

York Labor Law and the supporting federal and New York State Department of Labor Regulations.

50.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

51.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.    At all relevant times, upon information and belief, the DALCOM was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

54.    Upon information and belief, during the most recent three (3) years relevant to the allegations herein, DALCOM has had gross revenues in excess of $500,000.

55.    Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

56.    Defendants willfully failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

57.     Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

58.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

59.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

60.     The FLSA mandates that wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the FLSA will not be met where the employee kicks-back directly or indirectly to the employer the whole or part of the wage delivered to the employee. 29 C.F.R. § 531.35.

61.     Defendants knowingly and willfully violated the FLSA by misappropriating tips from Plaintiff.

62.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, and by misappropriating his tips, when they knew or should have known such was due and that non-payment of minimum wages, overtime compensation, and tips would financially injure Plaintiff.

13

63. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

65. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

66. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, unpaid misappropriated tips, an equal amount as liquidated damages, and prejudgment interest thereon.

67. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New York Labor Law]

68. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. At all relevant times, the Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

70. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

14

71.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

72.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations §§ 137-1.7; 146-1.6.

73.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

74.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff gap-time wages pursuant to New York State Department of Labor Regulations

75.     The New York Labor Law prohibits an employer from making any deductions from wages, other than standard deductions for taxes. N.Y. Lab. Law § 193.

76.     The New York Labor Law also prohibits employers from receiving "kickbacks" from their employees.  N.Y. Lab. Law § 198-b.

77.     Defendants regularly obtained kickbacks from their employees by demanding and retaining gratuities from Plaintiff, in violation of the New York Labor Law.  N.Y. Lab. Law § 196-d.

78.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

15

79.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 137-2.2, 146-2.3.

80.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

81.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 137-2.1, 146-2.1.

82.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, unpaid "gap-time" wages, unpaid misappropriated tips, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

83.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff GUANG RUN LI, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of unpaid "gap-time" wages due under the New York Labor Law;

(e)     An award of unpaid misappropriated tips in violation of federal and state law;

(f)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and misappropriated tips pursuant to 29 U.S.C. § 216;

(g)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, "spread of hours" premium, "gap-time" wages, and misappropriated tips pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(h)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(i)     An award of prejudgment and post-judgment interest;

17

(j)    An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and

(k)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
      July 13, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By:    _____
      Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Guang Run Li_____, am an employee currently or

formerly employed by _____Sushi Damo_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____5 - 12_____, 2016